UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-00058-JMS-DML-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JAMES L. BARNETT | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00058-JMS-DML |
| | ) | |
| JAMES L. BARNETT, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant James L. Barnett has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). [Filing No. 58.] For the reasons explained below, his motion is **DENIED**.[1]

## I.
### BACKGROUND

On July 25, 2018, Mr. Barnett pled guilty to one count of Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and one count of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). [Filing No. 35.] The offense conduct is summarized as follows:

> On October 13, 2016, at about 3:12 p.m., officers with the Indianapolis Metropolitan Police Department were on foot patrol at Motor 8 Inn, located at 3731 North Shadeland Avenue in Indianapolis, Indiana, when they heard a loud disturbance near the northeast corner of the building. Upon investigation, officers observed James Barnett yelling profanity at a white female as he walked away from a 2012 Chevrolet Camaro. With a 12-pack of beer in his right hand, Barnett walked toward the open door of room 124. While standing in the room's doorway, he reached his right hand into the room and set the beer onto the table. He then turned

---

[1] Mr. Barnett also filed a Motion to Supplement Exhibits in connection with his Motion for Compassionate Release. [Filing No. 62.] The Court **GRANTS** Mr. Barnett's Motion to Supplement Exhibits, [62], and considers the corresponding exhibits with his Motion for Compassionate Release.

2

>his right side away from one of the officers, who was standing next to him. Afterwards, Barnett put his right hand into his right front short's pocket and withdrew a small stainless steel handgun, later identified as an AMT backup .380 pistol. As the officer grabbed Barnett's left arm, the firearm fell to the floor.
>
>The defendant was placed into handcuffs and seated on the sidewalk outside of the room. While speaking with officers, a plastic baggie corner containing cocaine was seen sticking out of the defendant's right front short's pocket. Because Barnett was not a registered guest at the hotel, his car was towed for safe keeping. Prior to towing, the defendant stated there were drugs and two guns inside of the vehicle. Officers found two firearms in a box in the back seat of the Camaro. One firearm was identified as a stolen Glock model 22, .40 caliber pistol, with one round in the magazine and one round in the chamber. The second firearm was a stolen Walther PPX, 9mm pistol.
>
>In addition to firearms, officers collected drugs and other paraphernalia from inside of the vehicle. A syringe and spoon were found in the driver's side door. On the driver's side dashboard was a small tin box with three baggies of cocaine packed for distribution. On the driver's side floor was a bakery tin with burnt brills. In the console was a wallet with three identification cards for Barnett and a large baggy containing a mass of powder, slightly smaller than a tennis ball. In the back seat inside of a pillow case was a package of ten unused syringes, along with a nylon bag containing a measuring cup, a white plate, and a Pyrex glass cup with residue. In total, Barnett possessed about 45.8 grams of cocaine and 4.8 grams of heroin, which also contained an undetermined amount of fentanyl. Barnett was aware the packages contained controlled substances, and he intended to distribute them to one or more individuals.
>
>Prior to these events, Barnett had two felony convictions for dealing in cocaine and a felony conviction for battery. Each offense was punishable by a term of imprisonment exceeding one year.

[Filing No. 29 at 4-5.]

Mr. Barnett faced a guideline range of 188 to 235 months of imprisonment. [Filing No. 29 at 20.] His guideline range included a two-level enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"), because he had at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. [Filing No. 29 at 7.] The Court sentenced him to 180 months of imprisonment on each of Counts 1 and 2, concurrent, followed by 3 years of supervised release on each of Counts 1 and 2, concurrent.

3

[Filing No. 35.] The Bureau of Prisons ("BOP") currently reports Mr. Barnett's anticipated release date (with good-conduct time included) as July 25, 2029. https://www.bop.gov/inmateloc/ (last visited Apr. 18, 2025).

Mr. Barnett filed a Motion for Compassionate release on October 15, 2024. [Filing No. 58.] He argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) if he was sentenced today, he would not qualify for an enhancement under the ACCA; and (2) he has maintained a good disciplinary record while incarcerated. [Filing No. 58-1 at 11-14.] The Government opposes the motion, [Filing No. 64], and Mr. Barnett filed a reply, [Filing No. 65]. The motion is now ripe for the Court's consideration.

## II.
### DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exists and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

4

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. See U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Barnett argues that if he were sentenced today, he would receive a lesser sentence because his prior convictions for dealing cocaine under Indiana law no longer qualify as "serious drug offenses" for the purposes of the ACCA. [Filing No. 58-1 at 11 (citations omitted).] He contends that the change in the law is a circumstance that warrants a sentence reduction. [Filing No. 58-1 at 11.] He also asserts that he has maintained a good disciplinary record while incarcerated and has completed several BOP-offered programs. [Filing No. 58-1 at 13-4.]

The Government argues that while Mr. Barnett is correct that he would not qualify for an enhancement under the ACCA today, this fact does not constitute an extraordinary and compelling reason warranting a sentence reduction. [Filing No. 64 at 7.] The Government asserts that Mr. Barnett's change in law argument is only cognizable under U.S.S.G. § 1B1.13(b)(6) because of the limitation found in § 1B1.13(c), and that he does not meet the requirements in § 1B1.13(b)(6). [Filing No. 64 at 10-11.] The Government also argues that rehabilitation and good behavior cannot stand as an independent reason for compassionate release. [Filing No. 64 at 6 n.2 (citations omitted).]

In reply, Mr. Barnett reiterates his arguments and contends that he is not asserting the change in law argument under § 1B1.13(b)(6), but rather under § 1B1.13(b)(5). [Filing No. 65 at 4.]

As relevant here, under § 1B1.13(b)(5) and (b)(6) of the recently amended United States Sentencing Guidelines, extraordinary and compelling reasons for release exist under the following circumstances:

> (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G § 1B1.13(b)(5)-(6). Also relevant here, § 1B1.13(c) provides:

> (c) Limitation on Changes in Law.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G § 1B1.13(c).

Mr. Barnett has not demonstrated that his circumstances meet the standard for "extraordinary and compelling reasons" required for release. While the Government concedes that, if sentenced today, his prior convictions would no longer qualify under the ACCA, his

6

reliance on this change in the law to support his motion under § 1B1.13(b)(5) is misplaced. The Sentencing Guidelines make clear in § 1B1.13(c) that such legal changes "shall not be considered for the purposes of determining whether an extraordinary and compelling reasons exists" "[e]xcept as provided in subsection (b)(6)." U.S.S.G § 1B1.13(c). Put differently, a change in the law may only be considered as an extraordinary and compelling reason under § 1B1.13(b)(6), not as a standalone basis under subsection (b)(5). Mr. Barnett may label his claim however he wishes, but the Guidelines dictate how the Court must evaluate it. Accordingly, his change of law argument under § 1B1.13(b)(5) fails. The Court therefore turns to whether § 1B1.13(b)(6) offers a different outcome.

Section 1B1.13(b)(6) permits courts to consider a change in the law as an extraordinary and compelling reason for release, but only where "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment. Mr. Barnett was sentenced on July 27, 2018. [Filing No. 35.] To date, he has served approximately 7 years, falling short of the 10-year threshold. This alone defeats his claim under § 1B1.13(b)(6). But even setting aside that requirement, Mr. Barnett also cannot show that his sentence is "unusually long." If the ACCA enhancement were removed, his Guidelines range would be 151 to 188 months. [Filing No. 29 at 7; Filing No. 29 at 12.] His current 180-month sentence falls squarely within that range. In short, his sentence is not unusually long now and would not be under current law either. Finally, Mr. Barnett knowingly agreed to the 180-month sentence as part of a binding plea agreement, [Filing No. 25], which further undermines any claim that his sentence is unreasonable.

Moreover, while his good behavior is commendable, to the extent he relies on his good discipline argument as an extraordinary and compelling reason for a sentence reduction,

"rehabilitation cannot serve as a stand-alone reason for compassionate release." *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) (quotations and citation omitted).

The Court, in its discretion, finds that Mr. Barnett has not carried his burden to show that there are extraordinary and compelling reasons for his release, whether considered alone or in conjunction with any other reason

In sum, the Court finds that Mr. Barnett has not presented extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.
### CONCLUSION

For the reasons stated above, Mr. Barnett's Motion to Supplement Exhibits, [62], is **GRANTED** and his Motion for Compassionate Release, [58], is **DENIED**.

Date: 4/21/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

James L. Barnett
Reg. 15725-028
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC 29512

8